CHANCERY.

Case 71.

June 12.

Aldridge's obligation to Wood, assigned to Birney, and judgment at law recovered.

Aldridge's bill in equity for injunction against the judgment.

## *Aldridge vs. Birney &c.*

Error to the Garrard Circuit; JOHN L. BRIDGES Judge.

*Set off in equity. Parties in chancery. Damages. Jury. Practice.*

Judge MILLS, delivered the Opinion of the Court.

On the 17th February, 1800, John Aldridge executed to Miller Wood the following instrument of writing:

"I promise to pay Miller Wood, eleven pounds one shilling and six pence, in either merchandise or whiskey at 3s. 9d. per gallon, on or before the first day of July next, for value received. Witness my hand and seal the 17th Feb. 1800."

　　　　(Signed)　　　*John Aldridge*, [SEAL.]

This writing Wood assigned to a certain Willick, who assigned it to Elisha Freeman, who assigned it to James Aldridge, who assigned it to Stephen Pirkins, who assigned it to James Birney, who brought his action at law thereon, and recovered judgment against the obligor.

To be relieved against this judgment, John Aldridge filed this bill in equity, shewing, that on the same day of the execution of his bond to Wood, Wood executed his obligation to him (Aldridge) to the following effect:

"Under the penalty of one hundred pounds, I oblige myself, my heirs, &c. to do or cause to be done, the following work, to the house in Lancaster, on lot No. 10, to-wit: hue and put up one other set of logs, and to be of white oak, and finish the roof in a good and workmanlike manner. The logs above to be hued three sides. Also to furnish five hundred and fifty feet of good sound flooring plank, and do

fifty dollars worth of mason work on said house, <span>ALDRIDGE</span> should the said mason work that is necessary for <span>vs.</span> said house not amount to fifty dollars, said Wood is <span>BIRNEY &c.</span> to pay the balance in cattle, and if more, said Aldridge is to pay it in cattle, said carpenters work shall be done by the last of March. Witness my hand and seal, this 17th of February, 1800.

(Signed)        *Miller Wood*."

He charges. this writing was given in consideration of the first, or that one constituted the consideration of the other, so far as the first extends; and that Wood violated his covenant in every particular, and performed no part, and even sold part of the materials belonging to Aldridge at the building, before his departure from the state, and that he had departed and left no remedy to Aldridge to recover for his breaches and failures; the amount of which he claims as a discount against the note held by Birney.

Birney answered declaring his ignorance of the <span>Birney's an-</span> equity set up and requiring proof. Wood never an-<span>swer.</span> swered, but order of publication was made against him.

The court below dismissed the bill of Aldridge, <span>Decree of the</span> with costs and damages. <span>circuit judge.</span>

It appears in proof, that Aldridge had bought lot <span>Where one</span> No. 10, of Wood, and Wood had stipulated to do <span>obligation</span> the work contained in his bond to Aldridge, on the <span>forms the</span> lot; and that he had wholly failed to do it before he <span>consideration</span> departed from the country. It is evident, from the <span>of another,</span> <span>and one of</span> date of the two writings, that one did form part of <span>the parties,</span> the consideration of the other; that is, that the wri-<span>without per-</span> ting given by Aldridge did form a part of the con-<span>forming, re-</span> <span>moves from</span> sideration of that given by Wood to Aldridge. <span>the state, ha-</span> <span>ving assigned</span> Under these circumstances, we do not doubt the <span>off the obli-</span> failure of Wood to perform his covenant, did give <span>gation to</span> to Aldridge an equity which would follow his own <span>him, the oth-</span> <span>er party may</span> obligation into the hands of Birney. It is true that <span>be relieved in</span> the claims of Aldridge, or his obligation upon <span>equity a-</span> Wood, for the breaches thereof, are of a legal char-<span>gainst a judg-</span> <span>ment recov-</span> acter, and such as form a cause of action peculiarly <span>ered by the</span> proper for a court of law. But Wood, by leaving <span>assignee.</span>

ALDRIDGE
vs.
BIRNEY &c.

the country, put any legal remedy out of the power of Aldridge; and as one instrument formed the consideration of the other, it was competent for the chancellor to ascertain by a jury, the quantum of damages, or the value of the defalcation of Wood. Baylor vs. Morrison, 2 Bibb, 103.

In the bill in such case, it is not necessary to make the original obligee against whom the complainant sets up the obligation he relies on for set-off, a party; but you may proceed without him, as in case the set-off had been pleaded at law.

But a difficulty here, occurs with regard to parties to the contest. Wood is named as a defendant in the bill, and an order of publication was made against him, and there is a formal certificate by the printer, that the order was inserted for two months; but it is evident from said certificate, that part of those weekly insertions was after the day of appearance named in the order. The publication was commenced too late, to have two months left before the apperance day, and the editor continued the publication afterwards to complete the requisite length of time. Of course Wood could not be treated as a party before the court at the hearing. The question then arises, was he a necessary party? If he was, then no decree on the merits ought to have been rendered. The chancellor ought to have dismissed the bill for the want of proper parties, without prejudice, or to have directed the proper parties to be made in a reasonable time, and to direct the bill to be dismissed, because the new party or parties were not made or brought in, at the end of that period. On the contrary, if Wood was not a necessary party, then the chancellor might have decreed upon the merits, as he has done, without him.

Wood was the assignor of the note or obligation held by Birney, and as that assignment passed the legal title of the note, it was not necessary that Wood should be a party, for the mere purpose of contesting that note according to previous decisions. The same principle, we conceive, dispenses with Wood as a necessary party, notwithstanding there is still another obligation upon him, held by Aldridge, to be settled in this action. If the note held by Aldridge, was for a liquidated demand, and could have been pleaded as a set off at law, Aldridge could have made that plea in the common law action; and allowing him to set up and liquidate the amount, and

claim it as a discount against Birney in chancery, <span style="float:right">ALDRIDGE<br>vs.<br>BIRNEY &c.</span> without making Wood a party, is permitting him to do no more, than he could be allowed to do at common law. Wood, therefore, is not a necessary party; and although there was an attempt to publish against him, yet, as that publication was not properly made, we cannot suppose the complainant, Aldridge, in a worse situation, with his defective publication, than he would have been had he never named Wood as a party in his bill. It was proper, therefore, that the chancellor should decree upon the merits, disregarding Wood, as no party.

We cannot doubt, that one of these notes is the consideration for the other. They were of the same date, and witnessed by the same witness, and unless something on their face forbids the conclusion or some other proof is adduced to the contrary, the presumption is, that one forms the consideration of the other. *Date and subscribing witnesses being the same, are sufficient, without any other evidence, to prove one obligation was the condition of the other.*

The court below ought, therefore, to have given to Aldridge the relief desired. A jury ought to be empannelled to ascertain the real injury or damages sustained by Aldridge, and on account of the failure of Wood to comply with this contract; these damages ought to be set off and discounted against the judgment held by Birney, even to the full amount, if they shall be so much when ascertained. If there be more, as Wood is no party, no decree for the overplus can be rendered. *Assessment of damages in chancery.*

The decree must be reversed with costs, and the cause be remanded, with directions for such proceedings to be had and decree to be rendered, as shall conform to this opinion and the rules of equity. *Decree and mandate.*

PETITION FOR A RE-HEARIRG BY J. J. MARSHALL.

THE defendant in error, by his counsel, respectfully submits to the court the following petition for a re-hearing:

The sum involved is matter of no consideration. Were it not that a principle appears to be assumed which is important, and a rule of belief established,

which may have extensive influence, the court would not be troubled. The coincidence in the dates of Aldridge's bond to Wood, for £11. 1s. 6d, and of the covenant of Wood, to perform certain work for Aldridge, is affirmed by the court to be sufficient evidence, that the one was in part consideration of the other: that is, "that the writing given by Ald- "ridge did form a part of the consideration of that "given by Wood to Aldridge." When the consideration of a writing is impeached, it is incumbent upon the party to make good his allegation. To this end, it is essential to shew, by competent and satisfactory proof, the consideration upon which the instrument intended to be assailed was founded that done, the failure in whole or in part of that consideration, its turpitude or illegality, the fraud or the mistake, must be proved. Coincidence in dates, is certainly not opposed to the conclusion, that one covenant is executed in consideration of another; it is even conceded that it is a circumstance propitious to such conclusion, and in conjunction with other facts, conducing to sustain such allegation, may itself conduce to that end. But, in the absence of other proof, it certainly appears totally inadequate to constitute the basis of any judicial conclusion. Coincidence in dates is but the absence of an obstacle to a conclusion which could not be drawn, without accounting for a difference in dates, did such difference exist. It is as inconclusive a circumstance as could attend transactions, or written instruments, alleged to have grown out of and to be dependent up each other. What limit is there to transactions, on the same day, between the same parties? None except their own will. The law has imposed no restriction to a single contract. Nature has imposed no physical barrier.

This case is not supposed to depend upon the principle of set off, whether legal or equitable. The equity of Aldridge, if any, results from the failure of consideration. He pleads at law a good plea, setting forth the covenant of Wood, alleging it to be the consideration of his bond, and that there was a total failure; that he was dead and insolvent; and had no legal representative. *We will admit the plea*

good. Issue is joined upon it. That Wood had not performed the stipulations in his covenant, that he was dead and insolvent, and had no legal representative, are made out satisfactorily; but there is no proof that Wood's covenant was the consideration upon which Aldridge's bond was executed, except the coincidence in dates and the fact of attestation, by the same witness. Can it be said that a jury, under the penalty of their oaths, could find for the defendant? Is mere coincidence in dates sufficient to authorize such a verdict? Can such coincidence throw the burden of proof upon the plaintiff? Must the plaintiff prove that the covenant was not the consideration upon which the other was executed? Is he compelled to lose his case unless he can find out some other consideration, upon which to rest his cause of action? Is it not the law, (and does not the chancellor follow the law,) that he who impeaches or questions the consideration of any writing under seal, or of any which has been, by statute, placed upon the same footing, must not only do it upon oath, but must, in order to success, prove that this consideration has failed, or is vicious? Coincidence in dates cannot furnish that proof, even though the instrument which is offered, should upon its face, bear evidence, that itself could not form the consideration of any contract.

The bond from Aldridge to Wood does not refer to any consideration future and to be performed. The covenant from Wood to Aldridge has no indication of the existence of any consideration not already received. Instead of the attestation of the two papers by the same witness, constituting any reason for supposing the one to be consequent upon the other, under the circumstances of this case, the reverse would seem to be the rational conclusion. Aldridge was bound to have supported his bill to reasonable intent, and to have furnished the discretion of the chancellor, competent and satisfactory testimony, to justify the conclusion, that the one covenant was the consideration of the other. He has neither taken the deposition of the subscribing witness, nor accounted for not doing so. The execution of the instruments is not questioned it is true; but who might

more naturally be expected to know whether two papers were executed at the same instant of time, and upon the same consideration, than he who was the witness to the execution of each? The parties and the witness, certainly, may be supposed to know more in relation to a contract, than any other. Had this witness been summoned, he might have proved a different consideration. His testimony was open to the defendant in chancery. But the defendant could not suppose himself required to make proof of the negative of a proposition.

Proof of the sale of real estate must depend upon writing, and there is no evidence of the sale of lot No. 10 by Wood to Aldridge. But admit that the parol testimony is sufficient, thus incidentally given, to establish the fact of a sale. Does not that proof weaken the inference drawn from the coincidence in dates, between the bond of Aldridge and the covenant of Wood, by shewing that the parties had actually entered into more contracts than one.

The internal evidence of the two instruments is certainly hostile to any supposition that one was in consideration of the other. The sum of the one is no measure of the value of the other. But if Aldridge's bond were the consideration, in part, of Wood's covenant, why is the stipulation relative to the cattle? If the mason's work exceeded fifty dollars, Aldridge was to pay the difference in cattle, if it fell short, Wood was, in like manner, to make up the difference. Wood was to perform his work by the last of March, or that not to be done by the last of March, was to be performed on demand. Aldridge was to pay the merchandise, or whiskey, in July. It would seem more natural that Aldridge should have claimed a credit upon his bond, than that he should introduce a new subject, were there a deficiency in the mason's work.

This case depends entirely upon a question of fact: was the bond of Aldridge to Wood executed in consideration, in whole or in part, of the covenant from Wood to Aldridge? That coincidence in dates is not, of itself, satisfactory evidence to every mind, that one instrument is the consideration of another.

is manifest from the decision of the circuit judge. If coincidence in dates, be sufficient evidence of the connexion and dependence of one covenant upon another, without the proof of any fact to shew that dependence and connexion, the ultimate opinion of the court is not controverted; although it is thought just as reasonable, to send Aldridge after his friend, Miller Wood, as to despatch a stranger.   All that is desired, is to ascertain whether coincidence in dates, is *ipso facto* and *per se*, in the absence of contradicting evidence, sufficient to support the allegation and to establish the conclusion, that one covenant, or instrument in writing, was executed and delivered, in consideration of the covenants contained in another instrument in writing.

ALDRIDGE
vs.
BIRNEY &c.

Petition for re-hearing.

All which, is respectfully submitted, to induce the court to re-consider the opinion delivered.

THE COURT overruled the petition.

*Anderson* for plaintiff; *Marshall* for defendants.